IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| **DEBRA SCOTT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No._____ |
| ) | |
| **TARGET CORPORATION,** ) | PLAINTIFF REQUESTS |
| Serve at: ) | TRIAL BY JURY |
| CT Corporation System ) | |
| 120 South Central Avenue ) | |
| Clayton, Missouri, 63105 ) | |
| Defendant. ) | |

## PETITION

**COMES NOW** Plaintiff, Debra Scott, by and through counsel, and for her cause of action against Defendant, Target Corporation, alleges and states as follows:

### STATEMENT OF JURISDICTION

1. This claim is brought pursuant to this Court's original jurisdiction over all cases and matters pursuant to RSMo. § 478.070.

2. The amount of controversy exceeds the jurisdictional minimum of this court.

3. Venue is proper under RSMo. § 508.010 in that Plaintiff's cause of action accrued in St. Louis County, State of Missouri.

### PARTIES TO THE CLAIM

4. Plaintiff, at all times material hereto, is and has been a resident of Saint Louis County, Missouri.

5. Upon information and belief, at all the times material hereto, Defendant owned and operated and was in possession, custody, and/or control of real property located at 8007 West Florissant Avenue, in St. Louis County, Missouri, and is a Minnesota corporation in good

standing, and the name and address of its registered agent in the state of Missouri is C T Corporation System, 120 South Central Avenue, Clayton, Missouri, 63105.

## ALLEGATIONS COMMON TO ALL COUNTS

6. On or about March 5, 2016, while Plaintiff was an invitee of Defendant Target Corporation, when a metal shelving-like object fell from a display and struck Plaintiff.

7. As a result of the improperly secured display and/or shelving, the property of Defendant was not reasonably safe for invitees.

8. Defendant knew, or by using ordinary care could have known, of the unsafe condition of the property and had ample opportunity to make the area safe for invitees.

## COUNT I

**COMES NOW** Plaintiff and, for Count I of her cause of action against Defendant, alleges and states as follows:

9. Plaintiff adopts and incorporates paragraphs 1-8 of this Petition as if fully set forth herein by this reference.

10. As demonstrated by the conditions above, Defendant was negligent in the following particulars:

   a. In failing to use ordinary care to secure its display and/or shelving;

   b. In failing to use ordinary care to barricade the display and/or shelving;

   c. In failing to use ordinary care to warn of the improperly secured display and/or shelving; and

   d. In failing to provide a reasonably safe means to ambulate the premises.

11. Defendant's negligence directly caused or contributed to cause Plaintiff to sustain injuries to her head and neck. She suffered pain and anxiety of body and mind, and experienced

Electronically Filed - St Louis County - December 02, 2020 - 11:09 AM

Electronically Filed - St Louis County - December 02, 2020 - 11:09 AM

emotional upset as an incident of her physical injuries. She has suffered all of the above injuries, pain and damages since the date of the accident, suffers them at the present time, and will suffer them in the future, said injuries, pain, and damages being permanent, disabling and progressive.

12. By reason of Plaintiff's injuries, she paid or became obligated for, and in the future will pay or become obligated for, items of expense in obtaining and receiving medical care.

13. Plaintiff is entitled to fair and reasonable damages in excess of twenty-five thousand dollars ($25,000.00) for the injuries sustained by her as a direct and/or contributory result of Defendant's negligence.

14. Plaintiff should be awarded her court and litigation costs incurred herein and, therefore, requests an award of said costs to be paid by Defendant.

**WHEREFORE**, Plaintiff prays that she be awarded fair and reasonable damages in excess of twenty-five thousand dollars ($25,000.00) against Defendant, together with her costs herein incurred and expended, and for such further and additional relief as this Court may deem just and proper under the circumstances.

Respectfully submitted,

/s/ John L. Wilbers

John L. Wilbers, #51848 MO
**The Wilbers Law Firm, LLC**
130 S. Bemiston, Suite 406
St. Louis, MO 63105
Ph. (314) 721-3040
Fx. (314) 721-3052
filings@thewilberslawfirm.com
***Attorney for Plaintiff***

**20SL-CC05884**

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| DEBRA SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. |
| | ) |
| TARGET CORPORATION, | ) |
| | ) |
| Defendant. | ) |

### SERVICE MEMO

**COMES NOW** Plaintiff, by and through counsel, and requests a summons be issued for Defendant at 120 South Central Avenue in Clayton, Missouri, 63105. The $36.00 fee for service has been paid with this filing.

Respectfully submitted,

/s/ John L. Wilbers

John L. Wilbers, #51848 MO
**The Wilbers Law Firm, LLC**
130 S. Bemiston, Suite 406
Saint Louis, MO 63105
Ph. (314) 721-3040
Fx. (314) 721-3052
filings@thewilberslawfirm.com
*Attorney for Plaintiff*

Electronically Filed - St Louis County - December 02, 2020 - 11:09 AM



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JASON DAVID DODSON | Case Number: 20SL-CC05884 | **SHERIFF FEE PAID** |
|---|---|---|
| Plaintiff/Petitioner:<br>DEBRA SCOTT | Plaintiff's/Petitioner's Attorney/Address<br>JOHN LAWSON BUDD WILBERS<br>130 SOUTH BEMISTON AVE.<br>SUITE 406<br>CLAYTON, MO 63105 | |
| vs. | | |
| Defendant/Respondent:<br>TARGET CORPORATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: TARGET CORPORATION
Alias:
R/A: CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105



COURT SEAL OF
ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

07-DEC-2020
Date

_____
Clerk

Further Information:
LES

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____            _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____         _____
                        Date                             Notary Public

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 20-SMCC-10861**    1    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                    54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 20-SMCC-10861**   2   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 20-SMCC-10861**   3   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

*Return* SB 1/6/21 C



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: | Case Number: 20SL-CC05884 | |
|---|---|---|
| JASON DAVID DODSON | | **SHERIFF FEE PAID** |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address | |
| DEBRA SCOTT | JOHN LAWSON BUDD WILBERS | |
| | 130 SOUTH BEMISTON AVE. | |
| | SUITE 406 | |
| vs. | CLAYTON, MO 63105 | |
| Defendant/Respondent: | Court Address: | |
| TARGET CORPORATION | ST LOUIS COUNTY COURT BUILDING | |
| Nature of Suit: | 105 SOUTH CENTRAL AVENUE | FILED |
| CC Pers Injury-Other | CLAYTON, MO 63105 | (Date/File Stamp) |

## Summons in Civil Case

The State of Missouri to: TARGET CORPORATION
Alias:

R/A: CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

30 CTCOR VW

DEC 18 2020

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

**COURT SEAL OF ST. LOUIS COUNTY**



You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
  SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

07-DEC-2020
Date

_Joan G. Gilmer_
Clerk

DEC 10 2020

Further Information:
LES

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) **LCW - B. LOVE** _____ (title) **INTAKE SPECIALIST**
☒ other _____
Served at **CT CORPORATION** (address)
in **St. Louis County** (County/City of St. Louis), MO, on **DEC 15 2020** (date) at **9 AM** (time).

_Tom Dierkin_
Printed Name of Sheriff or Server         Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____
                                        (date)

(Seal)
My commission expires: _____   _____
                        Date              Notary Public

12/11

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* Document ID# 20-SMCC-10861   1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo